1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 20, 2021

SEAN F. McAVOY, CLERK

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| REBECCA LAVELLE,<br><br>                    Plaintiff,<br><br>     v.<br><br>CL WEST MANAGEMENT LLC, of CAPITAL CORPROATE SERVICES, INC., CHERYL ROBERTS, JODY ROBERTS, JOHN ROBINSON of CAPITAL CORPORATE SERVICES, INC., UNISEARCH, INC., DWL CL IV, LLC, WHG LLC, WESTMOUNT HOSPITALITY GROUP EXTENDED STAY, HOMETOWN STUDIOS, REDROOF, INC., FREED MANGALJI, President of Westmont Hospitality, MOEZ MANGALJI, Principle of Westmont Hospitality, and JOE WHEELING, CEO of Westmont Hospitality,<br><br>                    Defendants. | NO. 2:21-CV-0170-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT |

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 1

1    BEFORE THE COURT are Defendant CL West Management LLC's

2    Motion to Dismiss Second Amended Complaint Pursuant to FRCP 41 and 12(b)(6)

3    (ECF No. 17), Plaintiff's Motion for Issuance of Subpoenas (ECF No. 24), and

4    Defendant CL West Management LLC's Motion to Strike Plaintiff's Surreply

5    (ECF No. 29).  The Court has reviewed the record and files herein, and is fully

6    informed.  For the reasons discussed below, Defendant CL West Management

7    LLC's Motion to Dismiss Second Amended Complaint Pursuant to FRCP 41 and

8    12(b)(6) (ECF No. 17) is granted in part and denied in part, Plaintiff's Motion for

9    Issuance of Subpoenas (ECF No. 24) is denied, and Defendant CL West

10    Management LLC's Motion to Strike Plaintiff's Surreply (ECF No. 29) is denied

11    as moot.

12    **BACKGROUND**

13    This case arises out of Plaintiff's employment with Hometown Suites, a

14    hotel, in Spokane Valley, Washington.  ECF No. 9 at 3.  On February 24, 2021,

15    Plaintiff filed her original complaint against Defendants.  ECF No. 1.  Plaintiff is

16    proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915.  ECF No. 7.  On

17    July 8, 2021, summonses were issued to Defendants CL West Management LLC

18    and Gary Sawyer.  ECF No. 8.  That same day, Plaintiff filed her amended

19    complaint.  ECF No. 9.

20

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 2

On August 2, 2021, the Court dismissed Plaintiff's amended complaint in part, finding Plaintiff's Age Discrimination Employment Act ("ADEA") claims for discrimination and retaliation against Defendant CL West Management LLC were adequately pled but dismissed Plaintiff's Title VII, Fair Labor Standards Act ("FLSA"), Equal Pay Act ("EPA"), and Washington's EPA claims without prejudice.  ECF No. 11.  The Court also denied Plaintiff's motion for appointment of pro bono counsel and allowed Plaintiff to file a second amended complaint within 60 days of the order.  *Id.*  On October 6, 2021, Plaintiff filed her second amended complaint with exhibits.  ECF Nos. 15-16.

On October 20, 2021, Defendant CL West Management filed the present motion to dismiss.  ECF No. 17.  Plaintiff filed a response to the motion, along with a notice dismissing some of the named defendants and a motion for issuance of subpoenas.  ECF Nos. 20, 23-24.  After Defendant filed a reply, Plaintiff filed a surreply.  ECF Nos. 22, 26-28.  Thereafter, Defendant filed a motion to strike Plaintiff's surreply, and Plaintiff filed a response.  ECF Nos. 29-30.

In the second amended complaint, Plaintiff asserts claims under Title VII, the ADEA, FLSA, EPA, and the Family Medical Leave Act ("FMLA").  ECF No. 15.  On February 19, 2021 Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission.  ECF No. 19 at 2.  The following allegations are drawn from Plaintiff's second amended complaint.  ECF No. 15.

In May 2019, Plaintiff began her employment with the Hometown Suites hotel in Spokane County after she stayed there with her daughter.  ECF No. 15 at 4, ¶ 19.

On or about June 27, 2019, Plaintiff learned the assistant manager had a problem with her being female.  ECF No. 15 at 5, ¶ 23.  The assistant manager, Dave, voiced his animosity towards Plaintiff because she had not asked him for advice and he proceeded to create a hostile environment for Plaintiff.  ECF No. 15 at 5, ¶ 24.

In September 2019, Plaintiff received Employee of the Month and positive reviews from hotel guests after making changes to the property and helping raise the hotel ratings score from 2.8 to a 3.8.  ECF No. 15 at 4, ¶¶ 20-21.  During Plaintiff's employment, the value of the property increased from $3.7 million to $4.0 million.  ECF No. 15 at 5, ¶ 22.

In October 2019, Plaintiff applied for the General Manager position where she had endorsements from co-workers and was seriously considered for the position.  ECF No. 15 at 5, ¶ 25.  A different candidate, Gary Sawyer, was selected for the position after Dave "detoured" the District Manager from giving Plaintiff the promotion.  ECF No. 15 at 5, ¶¶ 25-26.  Mr. Sawyer gave Plaintiff permission to stay in the manager apartment at the hotel while he was at training.  ECF No. 15 at 5, ¶ 26.

In November 2019, an off-site corporate manager, not knowing Plaintiff had permission to live on-site, instructed Plaintiff to move out while Mr. Sawyer was absent from the property. ECF No. 15 at 5, ¶¶ 27-28. Various employees were allowed to live on-site during and after the period in which Plaintiff was employed. ECF No. 15 at 5, ¶ 30.

On or about December 6, 2019, Defendant WHG harassed Plaintiff relentlessly until she moved her camper. ECF No. 15 at 6, ¶ 31. Plaintiff moved her camper to a location where it was subsequently towed and auctioned. ECF No. 15 at 6, ¶¶ 33-34. Other RVs were allowed to remain on site at the hotel. ECF No. 15 at 6, ¶ 35.

On or about December 10, 2019, the Washington Health Department issued a report of violations to the hotel that required changes to be made within thirty days. ECF No. 15 at 6, ¶ 36. Plaintiff completed these repairs, which required overtime but Defendant WHG manually adjusted Plaintiff's hours that shorted her both overtime and regular hours. ECF No. 15 at 6, ¶¶ 37-38.

On or about December 6, 2019, Plaintiff then learned that Defendant WHG was badgering hotel guests for information that would provide a basis to fire Plaintiff. ECF No. 15 at 6-7, ¶ 41. Plaintiff earned a 4.5 out of 5 performance review just days before "the campaign" to remove her began. ECF No. 15 at 8, ¶ 55.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 5

On or about December 14, 2019, Plaintiff heard Mr. Sawyer use phrases such as "God Damn" in front of hotel guests and Plaintiff privately discussed her feelings with him regarding these phrases and his response was "I hate God, not everybody believes in Him." ECF No. 15 at 6, ¶¶ 39-40.

On December 20, 2019, Plaintiff heard Mr. Sawyer ask "Where's Ol Girl?" and Plaintiff learned that is what he referred to Plaintiff behind her back. ECF No. 15 at 7, ¶¶ 44-45. Plaintiff decided to go back to work after lunch without clocking in at the office to avoid Mr. Sawyer and Dave. ECF No. 15 at 7, ¶¶ 43, 46.

On or about December 23, 2019, Plaintiff learned her job was posted as an available position on the internet. ECF No. 15 at 7, ¶ 42.

On or about December 24, 2019, Mr. Sawyer delivered the write up to Plaintiff for failure to perform and being late after she did not clock in four days prior. ECF No. 15 at 7, ¶ 48, 50. Plaintiff's statement on the write up is as follows: "Unless everyone else gets write up for being late. I feel that I am being singled out because you are trying to find a reason to fire me to the fact you have my job posted. I do not like you calling me 'Ol Girl'". ECF No. 15 at 8, ¶ 52. Plaintiff was the only employee scheduled to work this day, and Plaintiff believes she was scheduled to work on Christmas Eve due to intentional harassment. ECF No. 15 at 7, ¶¶ 50-51. Most employees who are late do not receive write ups. ECF No. 15 at 7, ¶ 49. Following the write-up, Defendant WHG began giving the

1    porter, Brandon, Plaintiff's job duties even though he was not qualified to do

2    repairs.  ECF No. 15 at 8, ¶ 56.

3         On or about January 3, 2020, Plaintiff's mother paid for 6 nights for

4    Plaintiff's son to stay at the hotel.  ECF No. 15 at 8, ¶¶ 57, 59.  When Plaintiff's

5    son tried to extend his stay, the hotel refused and gave him a 5 minute warning to

6    leave.  ECF No. 15 at 8, ¶ 60.  Plaintiff voluntarily cleaned the room her son stayed

7    in.  ECF No. 15 at 8, ¶ 61.  After cleaning the room, Plaintiff went to clock in

8    where Mr. Sawyer yelled and lunged at Plaintiff, and issued another write up to

9    Plaintiff for being late.  ECF No. 15 at 8-9, ¶ 63.

10        On January 21, 2020, Plaintiff tried to take time off to secure housing, where

11   such appointments were previously acceptable to the prior manager.  ECF No. 15

12   at 9, ¶ 64-65.  Plaintiff had accumulated paid time off but she was not approved to

13   use it in violation of company policy.  ECF No. 15 at 9, ¶ 66.  Plaintiff received

14   another write up even though no one else received similar write ups.  ECF No. 15

15   at 9, ¶ 67.

16        In January 2020, Plaintiff had a discussion with another employee regarding

17   the possibility that a prostitute was living at the hotel.  ECF No. 15 at 9, ¶ 68.

18   Plaintiff was threatened by the girlfriend who was trying to cover up the discovery.

19   ECF No. 15 at 9, ¶ 69.  Mr. Sawyer added to the previous reprimand that Plaintiff

20   made unwanted advances on a guest and the guest has since recanted.  ECF No. 15

1    at 9, ¶ 70.  Plaintiff was initially not given the name of the guest nor was she given

2    an opportunity to defend herself.  ECF No. 15 at 9, ¶ 71.  Plaintiff has since learned

3    that this false allegation was the product of Defendant WHG's door to door

4    interviews with hotel guests in violation of company policy.  ECF No. 15 at 9, ¶

5    72.  Plaintiff received her last write up for leaving garbage cans soaking overnight.

6    ECF No. 15 at 9, ¶ 73.

7        Following her termination, Plaintiff's replacement was 40 years old and able

8    to live on the property.  ECF No. 15 at 9, ¶ 74.  Plaintiff's unemployment benefits

9    were denied based on a fraudulent letter that reported Plaintiff was a part time

10   worker.  ECF No. 15 at 10, ¶ 75.  Plaintiff appealed, and lost the subsequent

11   hearing that she was unable to attend but Defendants WHG and CL West

12   Management attended the hearing.  ECF No. 15 at 10, ¶¶ 77-80.

13       On July 23, 2020, Plaintiff petitioned for a review of the order dismissing

14   her appeal.  ECF No. 15 at 10, ¶ 81.  Plaintiff asserts the ongoing denial has caused

15   her homelessness and extreme poverty.  ECF No. 15 at 10, ¶¶ 82-83.

16       On or about August 17, 2020, Plaintiff attempted to get her job back but

17   Defendant WHG did not hire Plaintiff.  ECF No. 15 at 10, ¶ 83.  Between August

18   2020 and September 2021, Plaintiff has repeatedly applied for her position with the

19   hotel and has not been hired.  ECF No. 15 at 10-11, ¶¶ 83-89.

20   //

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 8

**DISCUSSION**

**A.  Plaintiff's Motions**

As an initial matter, Plaintiff moves to dismiss Defendants Capital Corporate Services, Cheryl Roberts, Jody Roberts, John Robinson, and Unisearch, Inc. under Federal Rule of Civil Procedure 41(a).  ECF No. 23.  Because there has been no answer or motion for summary judgment filed in this case, Plaintiff may dismiss an action against a defendant without a court order.  Fed. R. Civ. P. 41(a)(1)(A)(i). Therefore, based upon Plaintiff's notice, these Defendants are dismissed.

Additionally, Plaintiff moves the Court for issuance of subpoenas under Federal Rule of Civil Procedure 34.  ECF No. 24.  Plaintiff must engage in the discovery process with opposing counsel prior to seeking Court intervention.  *See* Fed. R. Civ. P. 34 (a) ("A party may serve on any other party a request within the scope of Rule 26(b)").  Therefore, Plaintiff's motion for issuance of subpoenas is denied.

**B.  Failure to Comply with Court Order**

Defendant first moves to dismiss Plaintiff's second amended complaint on the grounds that Plaintiff failed to comply with the Court's requirement that she file her second amended complaint within 60 days.  ECF No. 17 at 10.  Plaintiff was provided 60 days from the date of the August 2, 2021 order to file.  ECF No.

1  11.  Plaintiff filed a second amended complaint, which was due on October 1,

2  2021, on October 6, 2021.  ECF No. 15.

3       A court may dismiss an action for failure to comply with any order from the

4  court.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss under such

5  circumstances, the Court weighs the following factors: (1) the public's interest in

6  expeditious resolution of litigation, (2) the Court's need to manage its docket, (3)

7  the risk of prejudice to the defendant, (4) the public policy favoring disposition of

8  the case on the merits, and (5) the availability of less drastic alternatives.  *Ferdik v.*

9  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), *as amended* (May 22, 1992).  In

10  cases involving *pro se* litigants, the court must provide notice of the complaint's

11  deficiencies prior to dismissing the action so that the *pro se* litigant has an

12  opportunity to amend the complaint effectively.  *Id.* at 1261.

13       Here, Plaintiff encountered issues filing in the electronic system, so she

14  mailed her second amended complaint to the Clerk's office on October 5, 2021,

15  which arrived and was filed on October 6, 2021.  ECF No. 26 at 3; ECF No. 15-1

16  at 1.  Therefore, Plaintiff's filing was late.  While there is an interest in expeditious

17  litigation and the Court needs to manage its docket, Plaintiff filed with minimal

18  delay.  Due to the minimal delay, there is little prejudice to Defendant CL West

19  Management LLC.  Moreover, the Court's substantive hearing on the motion to

20  dismiss promotes the public policy favoring disposition on the merits and provides

1  a less drastic alternative than a procedural dismissal.  Therefore, a dismissal for

2  failure to comply with the Court's order is not warranted under these

3  circumstances.

4  **C.  Motion to Dismiss Standard**

5       Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may

6  move to dismiss the complaint for "failure to state a claim upon which relief can be

7  granted."  "The burden of demonstrating that no claim has been stated is upon the

8  movant."  *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

9  A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges

10  "sufficient factual matter, accepted as true, to 'state a claim to relief that is

11  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The burden of demonstrating

13  that no claim has been stated is upon the movant."  *Glanville v. McDonnell*

14  *Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

15       While the plaintiff's "allegations of material fact are taken as true and

16  construed in the light most favorable to the plaintiff" the plaintiff cannot rely on

17  "conclusory allegations of law and unwarranted inferences … to defeat a motion to

18  dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

19  1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must

20  provide "more than labels and conclusions, and a formulaic recitation of the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 11

elements." *Twombly*, 550 U.S. at 555.  When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice.  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### 1.  Title VII

Defendant moves to dismiss Plaintiff' potential Title VII claim on the grounds that she has failed to exhaust her federal administrative remedies.  ECF No. 17 at 13-14.  In response, Plaintiff produced a right to sue letter.  ECF No. 19.

Under Title VII, a plaintiff may not bring a civil action until the Equal Employment Opportunity Commission ("EEOC") issues notice of the right to sue, and thereafter the claimant must file the civil suit within 90 days of receipt of EEOC's notice.  42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff received a Notice of Right to Sue letter from the EEOC on February 19, 2021 and filed within 90 days from the receipt of the letter.  ECF No. 19 at 2; ECF No. 1.  As a result, Plaintiff administratively exhausted her federal remedies for her Title VII claim.  Because Defendant moved to dismiss the claim on this basis alone, the Court does not address the substantive merits of Plaintiff's Title VII claims.

//

2. *FLSA*

The FLSA sets the minimum wage to not less than $7.25 per hour. 29 U.S.C. § 206(a). To claim improper compensation under the FLSA, the Plaintiff must allege that the wages fell below the statutory minimum in a given workweek. *Id.*; 29 C.F.R. § 776.4; *Douglas v. Xerox Business Services, LLC*, 875 F.3d 884, 890 (9th Cir. 2017). Additionally, the FLSA requires employers to pay overtime where an employee works over 40 hours in a given workweek. 29 U.S.C. § 207. "[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015). In *Landers*, the Ninth Circuit dismissed the plaintiff's FLSA overtime allegations where the plaintiff "failed to provide 'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* at 646 (internal citation omitted).

First, Plaintiff alleges she did not get holiday pay for hours worked on Christmas Eve, Christmas, or New Year's Eve (the Court assumes for the year 2019) in violation of the FLSA. ECF No. 15 at 12, ¶ 103. There is no requirement

1    under the FLSA that Plaintiff receive holiday pay.  *See* 29 U.S.C. § 201 *et seq.*

2    Therefore, this allegation fails to state an FLSA minimum wage violation.

3        Second, Plaintiff alleges she worked every Sunday (except one) without pay

4    and with her supervisor's knowledge from May 2019 to January 2020.  ECF No.

5    15 at 12, ¶ 104.  While Plaintiff alleges she worked most Sundays unpaid, she does

6    not allege that the unpaid hours, when averaged with the paid hours in a given

7    workweek, resulted in payment less than the federal minimum wage.  29 U.S.C. §

8    206(a); *Adair v. City of Kirkland*, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999) ("[E]ven

9    though it is uncompensated, the employees are still being paid a minimum wage

10    when their salaries are averaged across their actual time worked.").  Therefore, this

11    allegation fails to state an FLSA minimum wage violation.

12        Third, Plaintiff alleges Gary Sawyer altered her January 7, 2020 hours

13    because the "numbers are wrong" and it "should not have only the hours from the

14    last two weeks."  ECF No. 15 at 13, ¶ 106.  The Court is unsure whether this is a

15    minimum wage or overtime claim under the FLSA.  In any event, this allegation

16    fails to state sufficient detail about the unpaid or overtime work to support a

17    reasonable inference of an FLSA violation.

18        Fourth, Plaintiff alleges Plaintiff worked 186 hours in three weeks in

19    January 2020 as demonstrated by her second paycheck of the new year.  ECF No.

20    15 at 13, ¶ 107.  While Plaintiff alleges she worked overtime during the first pay

period of January 2020, she does not allege that she was not paid for any overtime during that period. *Id.*; *see also* ECF No. 16 at 12. Plaintiff has failed to plead sufficient detail that she was not paid for the hours worked in excess of forty hours. *Landers*, 771 F.3d at 643. Therefore, this allegation fails to state an FLSA overtime wage violation.

In sum, none of Plaintiff's allegations support a claim under the FLSA for violation of either the minimum wage or maximum wage provisions. Therefore, Plaintiff's FLSA claims must be dismissed with leave to amend.

*3. EPA*

The EPA is an amendment to the FLSA that was created to ensure that "equal work will be rewarded by equal wages." *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir.), *cert. denied*, 141 S. Ct. 189 (2020) (internal quotation and citation omitted). The EPA, by way of the FLSA, prohibits discrimination. *See* 29 U.S.C. § 215(a)(2)-(3). Regarding sex discrimination, the EPA provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . .

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 15

29 U.S.C. § 206(d)(1).  The plaintiff bears the burden of establishing a *prima facie* case of discrimination that employees of different sex were paid different wages for equal work.  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999).  The plaintiff must demonstrate that the compared jobs – not the individuals – are "substantially equal."  *Stanley*, 178 F.3d at 1074.  Under the "substantially equal" analysis, the court looks to: (1) whether the jobs share a common core of tasks; and (2) whether the additional tasks make the jobs substantially different.  *Id.*

Here, Plaintiff alleges (1) "females are paid less for the same work and the location in Spokane, Wa" and (2) "her position paid less as a female than the males, regardless of her qualifications."  ECF No. 15 at 13, ¶¶ 113-115.  In setting forth these allegations, Plaintiff seeks the wage information for three individuals, but Plaintiff does not state whether these individuals are male, are employees of Defendants, had wages in excess of Plaintiff's, and had jobs substantially equal to Plaintiff's.  ECF No. 15 at 14, ¶ 116.  Plaintiff relies on mere conclusions and a formalistic recitation of the elements to support her claim.  *Twombly*, 550 U.S. at 555.  As a result, Plaintiff fails to sufficiently state a claim under the EPA.  Therefore, Plaintiff's EPA claim must be dismissed with leave to amend.

//

//

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

*4.  FMLA*

Defendant moves to dismiss Plaintiff's FMLA claim where "Plaintiff alleges no facts that even remotely support this cause of action."  ECF No. 17 at 18.  In response, Plaintiff agrees to the dismissal of her FMLA claim.  ECF No. 20 at 2.  Therefore, Plaintiff's FMLA claim is dismissed with leave to amend.

**D.  Motion to Strike**

Generally, under this Court's scheduling orders, no supplemental response or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.  However, no scheduling order has been issued in this case.  The Court reminds Plaintiff to review Local Civil Rule 7, which provides for one response memorandum for each motion.[1]

The Court finds it unnecessary to strike Plaintiff's surreply and exhibits.  In any event, the Court's review of the allegations is limited to the second amended complaint, documents incorporated to the second amended complaint by reference, and judicial notice.  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d at 1061.  To the extent that Plaintiff raises new allegations and exhibits, the material

---

[1]   Local Civil Rules Eastern District of Washington | Eastern District of Washington (uscourts.gov)

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 17

1  is not dispositive to the current Order.  The Court denies Defendant's motion to

2  strike as moot.

3  **E.  Miscellaneous Defendants**

4          A claim is legally frivolous under § 1915(e)(2)(B)(i) when it lacks an

5  arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

6  (1989*), superseded by statute*, 28 U.S.C. §1915(d), *as recognized in Lopez v.*

7  *Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).  The Court may, therefore, dismiss a

8  claim as frivolous where it is based on an indisputably meritless legal theory or

9  where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

10         Plaintiff makes the general assertion that all named Defendants are

11 "responsible in some manner for Plaintiff's injuries and occurrences herein

12 alleged."  ECF No. 15 at 4, ¶ 17.  While Plaintiff alleges she was jointly employed

13 by CL West Management LLC, WHG LLC, Westmont Hospitality Group,

14 Hometown Suites, and/or Red Roof Inns, ECF. No. 15 at 2, ¶ 5, the second

15 amended complaint is devoid of any allegations against Defendants DWL CL IV,

16 LLC, Freed Mangalji, Moez Mangalji, and Joe Wheeling.  ECF No. 15 at 1.

17 Without any specific allegations, any legal claims against these Defendants are

18 clearly baseless.  Therefore, the Court dismisses Defendants DWL CL IV, LLC,

19 Freed Mangalji, Moez Mangalji, and Joe Wheeling.

20

1     **F.  Opportunity to Amend**

2        Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

3     must be given the opportunity to amend her complaint to correct any deficiencies.

4     *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Plaintiff may submit a third

5     amended complaint within **sixty (60) days** of the date of this Order which must

6     include sufficient facts to establish federal subject-matter jurisdiction and articulate

7     causes of action.  *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th

8     Cir. 1980) (citations omitted).

9        Plaintiff's third amended complaint shall consist of a **short** and **plain**

10    statement showing that she is entitled to relief and alleging with specificity:

11        (1) the specific conduct or actions of each Defendant demonstrating how each

12            caused or personally participated in causing a deprivation of Plaintiff's

13            rights; and

14         (2) the specific protected rights of which Plaintiff was deprived.

15        Further, Plaintiff shall set forth her factual allegations in separate numbered

16    paragraphs.  THIS THIRD AMENDED COMPLAINT WILL OPERATE AS A

17    COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT

18    TO) THE SECOND AMENDED COMPLAINT.  The third amended complaint

19    must be legibly rewritten or retyped in its entirety; it should be an original and not

20    a copy; it may not incorporate any part of the first or second amended complaint by

reference; and IT MUST BE CLEARLY LABELED THE "THIRD AMENDED COMPLAINT" and case number 2:21-CV-0170-TOR must be written in the caption.  PLAINTIFF IS CAUTIONED IF SHE FAILS TO FILE WITHIN 60 DAYS AS DIRECTED, THE CASE WILL ONLY PROCEED AS TO THE TITLE VII AND ADEA CLAIMS.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant CL West Management LLC's Motion to Dismiss Second Amended Complaint Pursuant to FRCP 41 and 12(b)(6) (ECF No. 17) is **GRANTED in part** and **DENIED in part**.

2. The claims asserted in Plaintiff's Second Amended Complaint (ECF No. 15) are **DISMISSED in part**.  Plaintiff's FMLA, FLSA, and EPA claims are **DISMISSED without prejudice and WITH LEAVE TO AMEND**.

3. Pursuant to Plaintiff's Notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), Defendants CAPITAL CORPORATE SERVICES, CHERYL ROBERTS, JODY ROBERTS, JOHN ROBINSON, and UNISEARCH, INC. are **DISMISSED without prejudice**.  Additionally, Defendants DWL CL IV, LLC, FREED MANGALJI, MOEZ MANGALJI, and JOE WHEELING are **DISMISSED without prejudice**.

4. Plaintiff's Motion for Issuance of Subpoenas (ECF No. 24) is **DENIED**.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 20

5. Defendant CL West Management LLC's Motion to Strike Plaintiff's Surreply (ECF No. 29) is **DENIED as moot**.

6. The Clerk of Court shall **TERMINATE** Defendants CAPITAL CORPORATE SERVICES, CHERYL ROBERTS, JODY ROBERTS, JOHN ROBINSON, UNISEARCH, INC., DWL CL IV, LLC, FREED MANGALJI, MOEZ MANGALJI, and JOE WHEELING from this action and adjust the docket sheet accordingly.

7. Plaintiff may file a Third Amended Complaint **within sixty (60) days** of the date of this Order.  If Plaintiff fails to file within 60 days as directed, the case will **only** proceed on the Title VII and ADEA claims.

8. The Clerk of Court shall issue Summons for Defendants WHG LLC, Westmont Hospitality Group Extended Stay, Hometown Studios, and Red Roof Inc., prepare the USM-285 forms, the Notices of Lawsuit and Requests for Waiver of Service of Summons form AO-398, and two Waiver of Service forms AO-399 for each Defendant, and transmit them, along with copies of the Second Amended Complaint, ECF No. 15, and copies of this Order to the U.S. Marshals Service.

9. The United States Marshal, in compliance with Fed. R. Civ. P. 4(c)(3) and (d), shall send, by First Class Mail, copies of the Summons, the Second Amended Complaint (ECF No. 15), and this Order, upon each

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 21

Defendant at the addresses Plaintiff provided in paragraphs 11, 12, and 13 of the Second Amended Complaint (ECF No. 15): WHG LLC, Westmont Hospitality Group Extended Stay, Hometown Studios, and Red Roof Inc., together with a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons and a return envelope, postage prepaid, addressed to the sender. The costs of mailing shall be advanced by the United States.

10. The United States Marshal's office shall retain the original Summons in the event Defendants WHG LLC, Westmont Hospitality Group Extended Stay, Hometown Studios, and Red Roof Inc. refuse to waive service or does not waive service in a timely manner, thereby necessitating personal service pursuant to Fed. R. Civ. P. 4(e). Defendants WHG LLC, Westmont Hospitality Group Extended Stay, Hometown Studios, and Red Roof Inc. shall have thirty (30) days after the request is sent to return the waiver (Fed. R. Civ. P. 4(d)(1)(F)) and if they fail to do so within that time, the United States Marshal will effect personal service pursuant to Fed. R. Civ. P. 4(e) and/or 4(j)(2). In the absence of good cause, if Defendants WHG LLC, Westmont Hospitality Group Extended Stay, Hometown Studios, and Red Roof Inc. fail to return the Waiver of

1    Service of Summons, they will be required to pay the expenses of

2    service.

3    11. Defendants WHG LLC, Westmont Hospitality Group Extended Stay,

4    Hometown Studios, and Red Roof Inc. shall individually file an answer

5    or otherwise respond to Plaintiff's claims contained in the Second

6    Amended Complaint, which have not already been dismissed by this

7    Court, within sixty (60) days after mailing (if formal service is waived),

8    or forty-five (45) days after service if service is not waived.  Failure to so

9    respond may result in entry of a default judgment, pursuant to LCivR 55.

10    A Notice of Appearance is not an adequate response.

11    12. The Clerk of Court shall set a case management deadline **sixty (60) days**

12    after the date of this Order.

13    The District Court Executive is directed to enter this Order and forward a

14    copy to Plaintiff, Defendant CL West Management LLC, and to the United States

15    Marshal's Office.

16    DATED December 20, 2021.

17



18    THOMAS O. RICE
     United States District Judge

19

20

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT ~ 23