UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA LAVELLE,<br><br>              Plaintiff,<br><br>   v.<br><br>CL WEST MANAGEMENT LLC, INC.; WESTMONT HOSPITALITY GROUP EXTENDED STAY; WHG, LLC; REDROOF, INC.; and HOMETOWNE STUDIOS, LLC,<br><br>              Defendants. | CASE NO: 2:21-CV-0170-TOR<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The Court held a bench trial on January 17, 2023. Pro se Plaintiff Rebecca Lavelle represented herself. Benjamin J. Stone appeared on behalf of Defendants. The Court has reviewed the record and files herein, considered the evidence and the parties' arguments, and is fully informed. This Order supplements the Court's Oral Ruling. ECF No. 127. Pursuant to Federal Rule of Civil Procedure 52(a), below are the Court's Findings of Fact and Conclusions of Law. To the extent a

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 1

finding of fact or conclusion of law is deemed the opposite, the label the Court places on the finding does not control.

## BACKGROUND

This case arises out of Plaintiff's employment with Hometowne Studios in Spokane Valley, Washington. ECF No. 9 at 3. Plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 7. Plaintiff's only remaining claims are for age discrimination under the Age Discrimination Employment Act ("ADEA") and overtime violations under the Fair Labor Standards Act ("FLSA"). ECF Nos. 40, 117. On January 4, 2023, the Court held a pretrial conference and reserved ruling on Defendants' motion *in limine*. ECF No. 117.

At the bench, the Court heard testimony from the following witnesses: Tamara Butler, Nikki Maio, Jennifer Lebsack, Plaintiff, Lori Chandler, and Thomas Gualano. All witnesses were cross-examined. The Court admitted into evidence various exhibits, including the deposition transcript testimony of Gary Sawyer. Having considered all the foregoing evidence, the Court now issues the following Findings of Fact and Conclusions of Law.

## DISCUSSION

### I. FINDINGS OF FACT

The Court's oral and written findings of fact are based on the preponderance of the evidence presented at trial.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 2

1.   Defendant CL West Management, LLC, owns HomeTowne Suites in Spokane, Washington ("HomeTowne Suites").

2.   On May 15, 2019, HomeTowne Suites hired Plaintiff Rebecca Lavelle as a Maintenance Technician.

3.   Plaintiff's starting wage was $14.50 an hour. HomeTowne Suites raised her rate to $14.94.

4.   Plaintiff's initial supervisor was General Manager Joshua Hendricks. Hendricks separated from HomeTowne Suites in October 2019.

5.   Plaintiff applied for the General Manager position, but was not selected.

6.   In November 2019, HomeTowne Suites hired Gary Sawyer as General Manager.

7.   Plaintiff's initial schedule to start work was at 9 AM, but Gary Sawyer modified the start time to 10 AM to accommodate Plaintiff.

8.   In December 2019, Plaintiff discovered the Maintenance Technician job position was posted online. Plaintiff also learned through others that Gary Sawyer called her "Ol Girl" at some point and not directly to Plaintiff.

9.   On December 20, 2019, Plaintiff was given her first written warning for failure to arrive to work on time, arriving one hour late.

10.  Gary Sawyer did not discipline housekeepers for arriving late to work. There are typically 3–5 housekeepers working on any given day.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 3

11.     On January 12, 2020, Mr. Sawyer documented Plaintiff again, stating he "witnessed [Plaintiff] using the [General Manager's] computer to apply for jobs outside the company while clocked in which is saved in the history of the computer. [Plaintiff] also was utilizing the same computer that night after [she] had clocked out for the day for the same purpose."

12.     Improper use of company property is a violation of CL West Management's handbook policy.

13.     On January 14, 2020, Plaintiff was documented because she "failed to complete the task of replacing trash bags in all containers leading to severe mess." Plaintiff testified that two garbage cans needed cleaning and that hotel was out of a supply of trash bags.

14.     On January 15, 2020, Plaintiff was documented for failing to arrive to work on time. Plaintiff disputes this, stating she was at work early but was not on the job because she was cleaning her son's room and was "doing the housekeepers a favor." After cleaning her son's room, Plaintiff did not clock into work. Plaintiff testified she did not want to clock in due to the "hostile environment" and would rather work without pay.

15.     Failing to clock in for work is a violation of CL West Management's attendance policy.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 4

16. On January 16, 2020, Plaintiff was counseled as Mr. Sawyer "was informed by a tenant that let [him] know that [she had] been making several unwanted advances toward them and wanted this to end."

17. Fraternization is a violation of CL West Management's policy against disorderly action.

18. On January 22, 2020, Plaintiff was documented as she "called and Text at 9:59am one minute prior to [her] 10:00 start time and stated that [she] had to find a new place to live. Per our discussion on 1/19/2020 you understood any tardiness would result in a termination. You did not follow the expectations given on the final write up and it is now a termination."

19. CL West Management required at least four hours of notice that an employee would not be to work on time absent emergency circumstances.

20. On January 26, 2020, Plaintiff was terminated.

## II. CONCLUSIONS OF LAW

This Court has original jurisdiction of this lawsuit under 28 U.S.C. § 1331.

### A. Age Discrimination Employment Act

1. To state a claim of discrimination under the ADEA for disparate treatment, a plaintiff must show that (1) she was at least forty years old, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) either replaced by substantially younger employees with equal or inferior

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 5

qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

2. If satisfied, the burden shifts to the employer to articulate a "legitimate, nondiscriminatory reason for the adverse employment action." *Becka v. APCOA/Standard Parking*, 146 F. Supp. 2d 1109, 111 (C.D. Cal.). If the employer's burden is satisfied, the burden shifts back to the plaintiff to show "pretext" for the age discrimination. *Id.*

3. Evidence of discrimination may be direct or circumstantial. *Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1229 (9th Cir. 1995). "Direct evidence of discriminatory intent consists of evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017).

4. Stray remarks "uttered in an ambivalent manner" and not directly tied to an adverse action are insufficient to raise an inference of discrimination. *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990).

5. Plaintiff was at least forty years old during the relevant time period.

6. While Plaintiff performed her job satisfactorily in some areas, Plaintiff performed her job unsatisfactorily in other areas.

7. Plaintiff performed her job satisfactorily when she reduced the number of out of order hotel rooms and received positive performance reviews.
8. Plaintiff performed her job unsatisfactorily when she did not clock in for work, was late without giving notice pursuant to policy, and did not return two garbage bins to the hotel floor for guest use.
9. Plaintiff did not provide evidence that she was replaced by a substantially younger employee with equal or inferior qualifications.
10. Plaintiff stated Gary Sawyer referred to her as "Ol Girl". Gary Sawyer denied making this statement. This stray remark was not tied to any adverse employment action and the remark is insufficient to raise an inference of discrimination.
11. When asked why she was terminated, Plaintiff testified Gary Sawyer did not like her and that he had a problem with her. When asked why she was terminated at her deposition, Plaintiff stated she had no idea and that she could only surmise Gary Sawyer had a problem with her.
12. Gary Sawyer provided Plaintiff with progressive discipline in the form of written warnings for improperly using the company computer to look for jobs, failing to replace garbage cans which led to a trash in the hotel, failing to arrive to work on time, failing to clock into work, and for making unwanted advances on a hotel guest.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 7

13. On January 19, 2020, Plaintiff received a Final Written Warning for the aforementioned conduct.
14. On January 22, 2020, Plaintiff was documented as she "called and Text at 9:59am one minute prior to [her] 10:00 start time and stated that [she] had to find a new place to live. Per our discussion on 1/19/2020 you understood any tardiness would result in a termination. You did not follow the expectations given on the final write up and it is now a termination."
15. Pursuant to company policy, absent an emergency, Plaintiff was to give at least four hours of notice if she could not be at work on time. Finding a new place to live is not an emergency.
16. On January 26, 2020, Plaintiff was terminated.
17. Defendant offered legitimate, nondiscriminatory reasons for Plaintiff's termination.
18. Plaintiff asserts she was treated differently because Gary Sawyer did not discipline housekeepers for failing to arrive to work on time. Plaintiff did not provide evidence other than the stray remark that this different treatment occurred due to her age.
19. Witness testimony indicated that housekeepers regularly arrived late to work and were not disciplined by Gary Sawyer. There are typically 3–5

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 8

housekeepers working every day. In contrast, Plaintiff was the sole Maintenance Technician.

20. While Plaintiff provided evidence employees in other positions were not disciplined for being late, Plaintiff provided no evidence that employees, similarly situated or otherwise, were not disciplined for failing to clock in.

21. Plaintiff provides no admissible evidence to rebut the discipline for making unwanted advances on a hotel guest.

22. Plaintiff failed to demonstrate a prima facie case of age discrimination based on the preponderance of the evidence.

23. Plaintiff also failed to rebut Defendants' reasons for her termination.

24. Judgment in favor of Defendants on Plaintiff's ADEA claim is appropriate.

**B. Fair Labor Standards Act**

1. The FLSA requires employers to pay overtime pay where an employee works over 40 hours in a given workweek. 29 U.S.C. § 207.

2. "[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015).

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 9

3. Plaintiff provided no evidence that she worked over 40 hours in a given workweek.

4. Plaintiff provided no evidence that she was not paid for hours worked in excess of forty hours during a given workweek.

5. Plaintiff only speculates that she "worked a lot more" than the hours she was paid on December 14, 19, 20, 27, 2019.

6. Plaintiff contends the January 31, 2020 paycheck reflecting "204 hours YTD" was modified for unknown reasons. Testimony demonstrates that the January 1–15, 2020 paycheck included the pay for the last two weeks of December 2019. This paycheck is not evidence that Plaintiff worked in excess of 40 hours in any given workweek for January 2020, and Plaintiff did not testify otherwise. In fact, Plaintiff admits that she did not work the 176.25 hours from January 1–15, 2020.

7. Plaintiff's timestamp cards are not evidence of any uncompensated overtime.

8. Plaintiff has failed to prove her FLSA claim by a preponderance of the evidence.

9. Judgment in favor of Defendants on Plaintiff's FLSA overtime claim is appropriate.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 10

## CONCLUSION

Based on these findings of fact and conclusion of law, the Court finds in favor of Defendants on both claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk's Office is directed to enter Judgment in Defendants' favor.

2. No costs or fees are awarded to Defendants due to Plaintiff's limited financial resources. Fed. R. Civ. P. 54(d); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and Judgment accordingly, provide copies to the parties, and **CLOSE** the file.

DATED January 18, 2023.



THOMAS O. RICE
United States District Judge